UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

BRYAN MACANCELA and EDISON MACANCELA,  :
individually and on behalf of all others similarly situated,

                    :       **COLLECTIVE AND**
              Plaintiffs,        **CLASS ACTION**
                    :       **COMPLAINT**

        -vs-

                    :       Plaintiffs Demand a Jury

ALTA OPERATIONS LLC d/b/a Maison Vivienne,
ALTA OPERATIONS EAST LLC d/b/a Maison Vivienne,  :
ALLAN BASARAN, and SVITLANA FLOM,

                    :
             Defendants.

-----------------------------------------------------------------------X

Plaintiffs BRYAN MACANCELA and EDISON MACANCELA, by their undersigned

attorneys, on behalf of themselves and all others similarly situated, as and for their complaint

against the defendants, allege as follows:

1.      This is an action for damages for violations of the Fair Labor Standards Act

(FLSA), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq.*

The federal law claims are brought as a collective action, pursuant to 29 U.S.C. § 216(b), and the

state law claims are brought as a class action, pursuant to Rule 23(b)(3) of the Federal Rules of

Civil Procedure, on behalf of the named plaintiffs and all other non-exempt, tipped employees

who worked for the defendants at restaurants they own and operate in Manhattan and

Southampton, New York.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over the federal law claims pursuant to

28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).  This Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the

state law claims form part of the same case or controversy as the federal law claims.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events and omissions giving rise to plaintiffs' claims occurred in this

District.

## The Parties

4.     Plaintiff BRYAN MACANCELA was employed by as a waiter and server at

Maison Vivienne in Manhattan.

5.     Plaintiff EDISON MACANCELA was employed by defendants as a waiter and

server at Maison Vivienne in Manhattan.

6.     Defendant ALTA OPERATIONS LLC ("Alta Operations") d/b/a Maison

Vivienne is a limited liability company organized under the laws of the State of New York with a

principal place of business at 116 East 60th Street, New York, New York 10022.  Alta

Operations does business under the trade name Maison Vivienne, a restaurant in Manhattan

where it serves wine and liquor.  Upon information and belief, Alta Operations does not have a

liquor license from the State of New York, is serving wine and liquor in violation of New York

liquor laws, and is procuring the wine and liquor it sells in Manhattan under a license held by

defendant Alta Operations East LLC that is valid only for a location in Southampton, New York.

7.     Defendant ALTA OPERATIONS EAST LLC ("Alta Operations East") d/b/a

Maison Vivienne is a limited liability company organized under the laws of the State of New

York with a principal place of business at 136 Main Street, Southampton, New York 11968.

Alta Operations East does business under the trade name Maison Vivienne.

8.     Defendant ALLAN BASARAN ("Basaran") owns and controls defendants Alta Operations and Alta Operations East.  At all times relevant to this complaint, Mr. Basaran was the manager of the Maison Vivienne restaurants, was plaintiffs' employer, and made all compensation decisions affecting plaintiffs and all other employees at the Maison Vivienne restaurants.  Upon information and belief, he is a resident of New York County.

9.     Defendant SVITLANA FLOM ("Flom") owns and controls defendants Alta Operations and Alta Operations East.  At all times relevant to this complaint, Ms. Flom was plaintiffs' employer and made all compensation decisions affecting plaintiffs and all other employees at the Maison Vivienne restaurants.  Upon information and belief, she is a resident of New York County.

### Facts Relevant to All Claims

10.    Defendants Svitlana Flom and Allan Basaran own and operate two restaurants under a single trade name – Maison Vivienne – without regard to corporate formalities or wage and hours laws.  They promote both restaurants to the public as a single enterprise using a single web site at https://maisonvivi.com and take reservations for both restaurants using a single email address, reservations@maisonviviny.com.  Upon information and belief, they use a single liquor license that is valid only for the Southampton location to purchase and serve wine and liquor at both locations.  There is, in fact, no distinction between the individual defendants, the corporations they have formed, and the restaurants they own, operate, and control.  Every action affecting workers at the Maison Vivienne restaurants is directed by the individual defendants personally for their own benefit.

11.    The defendants regularly fail to give workers proper notices or statements of wage rates, wages paid, withholdings deducted, or hours worked as required by federal and state laws.

They fail to pay workers for all hours worked.  They fail to pay workers the required minimum and overtime wage rates.  They fail to pay over customer gratuities to tipped employees.  And they fail to pay "spread of hours" compensation for work days exceeding 10 hours in length.

12.     The defendants fail to pay plaintiffs and other employees on the scheduled pay date.  They frequently gave plaintiffs and other employees paychecks that were returned for insufficient funds, thereby causing plaintiffs and other employees to incur bank fees and to receive their compensation several weeks after it should have been paid.

13.     The defendants did not give plaintiffs and other employees proper notice of the amount of cash wage the employer is paying a tipped employee, the amount claimed by the employer as a tip credit, that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee, that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips, or that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions

14.     The defendants did not give plaintiffs and other employees proper written notice of their regular hourly pay rate, overtime hourly pay rate, amount of any tip credit deducted from the basic minimum hourly pay rate, the regular pay day, or that extra pay is required if tips are insufficient to bring the employee up to the basic hourly pay rate.

15.     The defendants were not permitted to take a "tip credit" or pay plaintiffs and other employees the lower federal minimum wage for "tipped" employees because they failed to provide employees with proper notices required by the Fair Labor Standards Act.

16.     The defendants were not permitted to take a "tip credit" or pay plaintiffs and other employees the lower New York State minimum wage for "tipped" employees because they failed to provide employees with proper written notices required by the New York Labor Law.

**A.   Defendants' Failure to Pay Plaintiff Bryan Macancela the Required Wages**

17.     Plaintiff Bryan Macancela worked for the defendants as a waiter and server at the Maison Vivienne restaurant in Manhattan.

18.     The defendants paid Mr. Macancela less than the federal minimum wage.

19.      The defendants paid Mr. Macancela less than the State minimum wage.

20.     Mr. Macancela was not paid one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending on December 7, 2018 and December 14, 2018.

21.     Mr. Macancela often worked more than 10 hours in a single day, including without limitation on December 4, 2018, December 10, 2018, December 11, 2018, December 13, 2018, December 19, 2018, and December 20, 2018.

22.     Mr. Macancela was not paid for a spread of hours on days when he worked more than 10 hours.

**B.   Defendants' Failure to Pay Plaintiff Edison Macancela the Required Wages**

23.     Plaintiff Edison Macancela worked for the defendants as a waiter and server at the Maison Vivienne restaurant in Manhattan.

24.     The defendants paid Mr. Macancela less than the federal minimum wage.

25.      The defendants paid Mr. Macancela less than the State minimum wage.

26.     Mr. Macancela was not paid one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending on December 7, 2018 and December 21, 2018.

27.     Mr. Macancela often worked more than 10 hours in a single day, including on December 4, 2018, December 6, 2018, December 8, 2018, December 12, 2018, December 17, 2018, December 19, 2018, and December 22, 2018.

28.     Mr. Macancela was not paid for a spread of hours on days when he worked more than 10 hours.

**C.  Defendants Intentionally Violated the Law**

29.     The defendants acted intentionally to deprive plaintiffs and other employees of their rightful wages when they designed and implemented the above-described policies and practices.

30.     The defendants were aware of their legal obligations under the Fair Labor Standards Act and the New York Labor Law.

31.     In December 2018, both plaintiffs and several other workers complained to defendant Basaran that they were not being paid the required minimum and overtime wages. Basaran rejected their complaints.

32.     In December 2018, plaintiff Bryan Macancela showed defendant Basaran a printout from a government web site showing the required minimum and overtime wage rates. Basaran again rejected the workers' complaints.

33.     In December 2018, plaintiff Edison Macancela showed defendant Basaran "shift report" printouts from the defendants' time record system.  The shift report printouts showed that plaintiffs had worked more than 40 hours in a week and more than 10 hours in a single day.

34.     Shortly after plaintiffs and other workers complained that they were not being paid the required wages, defendants deleted their shift reports from the time record system.

35.     Despite having actual notice of their legal obligations under the FLSA and New York Labor Law, the defendants intentionally violated the law by failing to provide the required notices and failing to pay plaintiffs and other employees the minimum wage, overtime, and spread of hours compensation they were entitled to be paid under the FLSA and New York Labor Law.

**D.  Collective and Class Allegations**

36.     The defendants' conduct described above was part of and resulted from policies and practices that they applied to all non-exempt, tipped employees who worked for the Maison Vivienne restaurants.

37.     Plaintiffs therefore bring their federal claims as an opt-in collective action pursuant to 29 U.S.C. § 216(b) (the "FLSA Opt-In Class"), and their state law claims as an opt-out class action (the "NYS Law Opt-Out Class") pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38.     The FLSA Opt-In Class and NYS Law Opt-Out Class are comprised of all non-exempt, tipped employees who worked at the Maison Vivienne restaurants at any time since October 12, 2017.

39.     The claims of the NYS Law Opt-Out Class are properly brought as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for the following reasons:

        a.   Numerosity:  The potential members of the NYS Law Opt-Out Class are so numerous that joinder of all members of the class is impracticable.

b.  Commonality:  There are questions of law and fact common to plaintiffs and the class that predominate over any questions affecting only individual members of the class.  These common questions of law and fact include:

    i.   whether defendants engaged in a policy and practice of failing to pay the minimum wage;

    ii.   whether defendants engaged in a policy and practice of failing to pay time and a half at the proper wage rate for all hours worked in excess of 40 during a workweek;

    iii.   whether defendants engaged in a policy and practice of failing to pay class members for a spread of hours on days when they worked more than 10 hours;

    iv.   whether defendants engaged in a policy and practice of failing to pay compensation for all hours worked;

    v.   whether defendants engaged in a policy and practice of failing to provide class members with proper notice of their regular hourly pay rate, overtime hourly pay rate, amount of any tip credit to be deducted from the basic minimum hourly pay rate, the regular pay day, or that extra pay is required if tips are insufficient to bring the employee up to the basic hourly pay rate;

    vi.   whether defendants operated their businesses as a single enterprise;

    vii.   whether defendants are joint employers;

    viii.   whether defendants acted intentionally;

    ix.   whether defendants are liable to the class;

    x.    whether the class can be made whole by the payment of damages; and

    xi.    whether the individual defendants are personally liable for the damages sustained by members of the class.

c.   Typicality:  Plaintiffs' claims are typical of the claims of the class.  Plaintiffs and all members of the class sustained injuries and damages arising out of and proximately caused by defendants' policies and practices of:  not providing proper written notice of employees' regular hourly pay rates, overtime hourly pay rates, amounts of any tip credits to be deducted from the basic minimum hourly pay rates, the regular pay day, or that extra pay is required if tips are insufficient to bring the employee up to the basic hourly pay rate; not paying the proper minimum wage; not paying overtime at time and a half at the proper minimum wage rate for all hours worked in excess of 40 per week; and not paying for all hours worked.

d.   Adequacy of Representation:  Plaintiffs will fairly and adequately represent the interest of class members.  Plaintiffs' counsel is competent and experienced in litigating complex employment class actions.

e.   Superiority:  A class action is superior to other available means for fair and efficient adjudication of this controversy.  Each class member has been damaged and is entitled to recovery because of defendants' illegal policies and practices. Individual joinder of all class members is not practicable.  It prohibitively expensive and impractical for class members to sue individually.  Class action treatment will allow those similarly situated persons to litigate their claims in the

manner that is most efficient and economical for the parties and the judicial system.

### FIRST CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR VIOLATIONS
### OF THE FAIR LABOR STANDARDS ACT (FLSA)

40.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39 above as if fully restated herein.

41.     The defendants have regulated the employment of plaintiffs and all other persons employed by them, acted directly and indirectly in their own interest in relation to the employees, and are thus employers of their employees within the meaning of section 3(d) of the Fair Labor Standards Act ("FLSA").

42.     The individual defendants at all relevant times were in active control and management of the corporate defendants, regulated the employment of plaintiffs and all other persons employed by the corporate defendants, acted directly and indirectly in the interests of himself and the corporate defendants in relation to the employees, and thus are employers of the defendants' employees within the meaning of section 3(d) of the FLSA.

43.     The business activities of the defendants, as described in this complaint, were related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

44.     Defendants have employed employees at their places of business in activities of an enterprise engaged in commerce.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore plaintiffs and the other employees were at all relevant times employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the FLSA.

45.     Defendants willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiffs and class members in an enterprise engaged in commerce without paying them the proper minimum wage for all hours worked.

46.     Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiffs and class members in an enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the FLSA, and without compensating them for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

47.     Defendants are liable for unpaid minimum wage and overtime compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid minimum wage and overtime compensation together with prejudgment interest on said unpaid minimum wage and overtime compensation.

## SECOND CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE FLSA PROMPT PAYMENT REQUIREMENT

48.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 47 above as if fully restated herein.

49.     Defendants failed to pay regular and overtime compensation earned in a particular workweek on the regular pay days for the periods in which such workweeks ended.

50.     Defendants delayed payment of regular and overtime compensation beyond the time reasonably necessary to compute and arrange for payment of the amount of regular and overtime compensation due.

51.     Defendants violated the FLSA's prompt payment requirement in 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.106.

52.     Defendants are liable for damages in an amount to be determined at trial, including liquidated damages.

### THIRD CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR VIOLATIONS
### OF THE NEW YORK LABOR LAW

53.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 52 above as if fully restated herein

54.     Defendants' failure to pay plaintiffs and other class members the proper minimum wage for all hours worked violated New York Labor Law §§ 650, *et seq.*, and is actionable under New York Labor Law § 663(1).

55.     Defendants' failure to pay plaintiffs and other class members the proper overtime pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

56.     Defendants' failure to pay plaintiffs and other class members the proper spread of hours pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

57.     Defendants' failure to pay plaintiffs and other class members the proper minimum wage, overtime compensation, and spread of hours pay was intentional.

58.     Defendants are liable for unpaid minimum wages, overtime wages, and spread of hours compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid minimum wage and overtime compensation together with prejudgment interest on said unpaid minimum wage and overtime compensation.

## FOURTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE NEW YORK LABOR LAW
## AND WAGE THEFT PREVENTION ACT

59.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 above as if fully restated herein.

60.     Defendants did not provide plaintiffs and other members of the class, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing:  the regular and overtime rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

61.     Defendants did not obtain from plaintiffs and other members of the class signed and dated written acknowledgements, in English and in the primary language of the employee, of receipt of the notice required by Section 195(1) of the New York Labor Law and affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee was in the language so identified.

62.     Defendants did not furnish to plaintiffs and other class members a statement with every payment of wages, listing:  the dates of work covered by that payment of wages; the name of the employee; the name of employer; the address and phone number of the employer; the regular and overtime rate or rates of pay and basis thereof; the gross wages; the number of

regular hours worked; the number of overtime hours worked; deductions;  allowances, if any, claimed as part of the minimum wage; and net wages.

63.     Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiffs and other class members with the notices required by Section 195(1) of the New York Labor Law.

64.     Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiffs and other class members with the wage statements required by Section 195(3) of the New York Labor Law.

65.     Plaintiffs and other members of the class are each entitled to recover from the defendants statutory damages of $50.00 per day for each day that defendants violated the notice requirements of Section 195(1) of the New York Labor Law, up to a maximum of $5,000.00 for each plaintiff and each member of the class.

66.     Plaintiffs and other members of the class are each entitled to recover from defendants statutory damages of $250.00 per day for each day that defendants violated the wage statements requirements of Section 195(3) of the New York Labor Law, up to a maximum of $5,000.00 for each plaintiff and each member of the class.

**FIFTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR VIOLATIONS**
**OF THE NEW YORK LABOR LAW**

67.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 above as if fully restated herein.

68.     Defendants did not pay plaintiffs on a regular weekly basis in violation of Section 191 of the New York Labor Law.

69.     Defendants did not pay plaintiffs on the regular pay day in violation of Section 191 of the New York Labor Law.

70.     Defendants are liable to plaintiffs in amounts to be determined at trial, including liquidated damages.

## SIXTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR CONVERSION

71.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 70 above as if fully restated herein.

72.     Plaintiffs and other class members had possessory rights or interests in their paychecks, wages and tips.

73.     Defendants exercised dominion over or interference with plaintiffs' rights and interests without the consent of plaintiffs and other class members.

74.     Defendants' are liable to plaintiffs and other class members for compensatory and punitive damages in amounts to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR
## A CONSTRUCTIVE TRUST

75.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 74 above as if fully restated herein.

76.     Defendants assumed a fiduciary relationship with plaintiffs and class members when defendants took possession of the paychecks, wages and tips of plaintiffs and class members.

77.     Defendants promised to hold those paychecks, wages and tips for the benefit of plaintiffs and class members.

78.     The paychecks, wages and tips of plaintiffs and class members were transferred to the defendants in reliance on the promise that they were being held for the benefit of plaintiffs and class members.

79.     Defendants wrongfully retained the paychecks, wages and tips of plaintiffs and class members.

80.     Upon information and belief, defendants used the paychecks, wages and tips of plaintiffs and class members to purchase goods for themselves and the restaurants.

81.     Defendants have been unjustly enriched by reason of their retention and use of the paychecks, wages and tips of plaintiffs and class members.

82.     Plaintiffs and class members are entitled to a constructive trust on all paychecks, wages and tips retained by defendants and any goods purchased by defendants with those paychecks, wages and tips.

**EIGHTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR**
**UNLAWFUL RETALIATION IN VIOLATION OF**
**THE NEW YORK LABOR LAW**

83.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 82 above as if fully restated herein.

84.     Each of the named plaintiffs complained to the defendants that they were not being paid the wages required by state law.

85.     Defendants constructively discharged each of the named plaintiffs.

86.     Upon information and belief, defendants constructively discharged the named plaintiffs because they complained about defendants' failure to pay the wages required by state law.

87.     Defendants violated Section 215 of the New York Labor Law by retaliating against the named plaintiffs.

88.     Plaintiffs suffered damages proximately caused by the defendants' conduct.

### Jury Demand

89.     Plaintiffs are entitled to and demand a jury trial.

### Prayer for Relief

WHEREFORE plaintiffs BRYAN MACANCELA and EDISON MACANCELA, individually and on behalf of the FLSA Opt-In Class and the NYS Law Opt-Out Class they seek to represent, request judgment against each defendant, jointly and severally, awarding them actual damages in amounts to be determined at trial, liquidated damages as authorized by 29 U.S.C. § 216(b) and New York Labor Law § 198, statutory damages as authorized by New York Labor Law § 198, pre- and post-judgment interest, reasonable attorneys' fees and the costs of this action as authorized by 29 U.S.C. § 216(b) and New York Labor Law § 198, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 1, 2019

THE HOWLEY LAW FIRM P.C.

By: _____
      John Howley [JH9764]
*Attorneys for Plaintiffs*
350 Fifth Avenue, 59th Floor
New York, New York  10118
(212) 601-2728