UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRYAN MACANCELA, EDISON MACANCELA,
FILIBERTO VILLALBA, JOSE A. ABREGO,          :          1:19 Civ. 1003 (RA)
LUIS ROMEL CURCHI, MILTON QUIZHPILEMA,
ALEXANDA COSTA, JOHNNY PASTUIZACA, and       :          **AMENDED COMPLAINT**
VICTOR PASTUIZACA,
                                             :          Plaintiffs Demand a Jury
                             Plaintiffs,
                                             :

                    -vs-
                                             :

ALTA OPERATIONS LLC d/b/a Maison Vivienne,
ALTA OPERATIONS EAST LLC d/b/a Maison Vivienne,  :
ALLAN BASARAN, and SVITLANA FLOM,
                                             :
                             Defendants.
------------------------------------------------------------------------X

     Plaintiffs BRYAN MACANCELA, EDISON MACANCELA, FILIBERTO VILLALBA,

JOSE A. ABREGO, LUIS ROMEL CURCHI, MILTON QUIZHPILEMA, ALEXANDER

COSTA, JOHNNY PASTUIZACA, and VICTOR PASTUIZACA, by their undersigned

attorneys, as and for their Amended Complaint against the defendants, allege as follows:

     1.     This is an action for damages for violations of the Fair Labor Standards Act

(FLSA), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq.*,

and for breach of contract, conversion, and imposition of a constructive trust under New York

law.

## **Jurisdiction and Venue**

     2.     This Court has subject matter jurisdiction over the federal law claims pursuant to

28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).  This Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the

state law claims form part of the same case or controversy as the federal law claims.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to plaintiffs' claims occurred in this District.

**The Parties**

4.     Plaintiff BRYAN MACANCELA was employed by the defendants as a waiter and server at Maison Vivienne in Manhattan.

5.     Plaintiff EDISON MACANCELA was employed by the defendants as a waiter and server at Maison Vivienne in Manhattan.

6.     Plaintiff FILIBERTO VILLALBA was employed by the defendants as a busser at Maison Vivienne in Manhattan.

7.     Plaintiff JOSE A. ABREGO was employed by the defendants as a salad preparer at Maison Vivienne in Manhattan.

8.     Plaintiff LUIS ROMEL CURCHI was employed by the defendants as a line cook at Maison Vivienne in Manhattan.

9.     Plaintiff MILTON QUIZHPILEMA was employed by the defendants as a line cook at Maison Vivienne in Manhattan.

10.     Plaintiff ALEXANDER COSTA was employed by the defendants as a dishwasher at Maison Vivienne in Manhattan.

11.     Plaintiff JOHNNY PASTUIZACA was employed by the defendants as a sous chef at Maison Vivienne in Manhattan.

12.     Plaintiff VICTOR PASTUIZACA was employed by the defendants as a chef at Maison Vivienne in Manhattan.

13.     Defendant ALTA OPERATIONS LLC ("Alta Operations") d/b/a Maison Vivienne is a limited liability company organized under the laws of the State of New York with a principal place of business at 116 East 60th Street, New York, New York 10022.  Alta Operations does business under the trade name Maison Vivienne, a restaurant in Manhattan where it serves wine and liquor.  Upon information and belief, Alta Operations does not have a liquor license from the State of New York, is serving wine and liquor in violation of New York liquor laws, and is procuring the wine and liquor it sells in Manhattan under a license held by defendant Alta Operations East LLC that is valid only for a location in Southampton, New York.

14.     Defendant ALTA OPERATIONS EAST LLC ("Alta Operations East") d/b/a Maison Vivienne is a limited liability company organized under the laws of the State of New York with a principal place of business at 136 Main Street, Southampton, New York 11968. Alta Operations East does business under the trade name Maison Vivienne.

15.     Defendant ALLAN BASARAN ("Basaran") owns and controls defendants Alta Operations and Alta Operations East.  At all times relevant to this complaint, Mr. Basaran was the manager of the Maison Vivienne restaurants, was plaintiffs' employer, and made all compensation decisions affecting plaintiffs.

16.     Defendant SVITLANA FLOM ("Flom") owns and controls defendants Alta Operations and Alta Operations East.  At all times relevant to this complaint, Ms. Flom was plaintiffs' employer and made all compensation decisions affecting plaintiffs.  Upon information and belief, she is a resident of New York County.

**Facts Relevant to All Claims**

17.     Defendants Svitlana Flom and Allan Basaran own and operate two restaurants under a single trade name – Maison Vivienne – without regard to corporate formalities or wage

and hours laws.  They promote both restaurants to the public as a single enterprise using a single web site at https://maisonvivi.com and take reservations for both restaurants using a single email address, reservations@maisonviviny.com.  Upon information and belief, they use a single liquor license that is valid only for the Southampton location to purchase and serve wine and liquor at both locations.  There is, in fact, no distinction between the individual defendants, the corporations they have formed, and the restaurants they own, operate, and control.  Every action affecting workers at the Maison Vivienne restaurants is directed by the individual defendants personally for their own benefit.

18.    The defendants failed to give plaintiffs proper notices or statements of wage rates, wages paid, withholdings deducted, or hours worked as required by federal and state laws.  They failed to pay plaintiffs for all hours worked.  They failed to pay plaintiffs the required minimum and overtime wage rates.  They failed to pay over customer gratuities to plaintiffs who worked as tipped employees.  And they failed to pay "spread of hours" compensation for work days exceeding 10 hours in length.

19.    The defendants failed to pay plaintiffs on the scheduled pay dates.  They frequently gave plaintiffs paychecks that were returned unpaid for insufficient funds.  While the defendants sometimes replaced the bounced checks, they caused plaintiffs to incur bank fees and to receive their compensation several weeks after it should have been paid.

20.    The defendants did not give plaintiffs proper notice of the amount of cash wage they were paying tipped employees, the amount claimed by the employer as a tip credit, that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee, that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly

receive tips, or that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions

21.     The defendants did not give plaintiffs proper written notice of their regular hourly pay rate, overtime hourly pay rate, amount of tip credit deducted from the basic minimum hourly pay rate, the regular pay day, or that extra pay is required if tips are insufficient to bring the employee up to the basic hourly pay rate.

22.     The defendants were not permitted to take a "tip credit" or pay plaintiffs who worked as waiters, servers or bussers the lower federal minimum wage for "tipped" employees because they failed to provide plaintiffs with proper notices required by the Fair Labor Standards Act.

23.     The defendants were not permitted to take a "tip credit" or pay plaintiffs who worked as waiters, servers or bussers the lower New York State minimum wage for "tipped" employees because they failed to provide plaintiffs with proper written notices required by the New York Labor Law.

**A. Defendants' Failure to Pay Plaintiff Bryan Macancela the Required Wages**

24.     Plaintiff Bryan Macancela worked for the defendants as a waiter and server at Maison Vivienne.

25.     The defendants did not give Mr. Macancela the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

26.     During Mr. Macancela's first two weeks of employment, the manager of the restaurant retained all tips left by customers.

27.     The defendants regularly withheld Mr. Macancela's credit card tips for weeks.

28.     The defendants paid Mr. Macancela less than the required federal minimum wage.

5

29.     The defendants paid Mr. Macancela less than the required State minimum wage.

30.     The defendants did not pay Mr. Macancela on the scheduled pay dates.

31.     The defendants gave Mr. Macancela paychecks that were returned unpaid due to insufficient funds.

32.     Mr. Macancela was not paid one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending on December 7, 2018 and December 14, 2018.

33.     Mr. Macancela often worked more than 10 hours in a single day, including without limitation on December 4, 2018, December 10, 2018, December 11, 2018, December 13, 2018, December 19, 2018, and December 20, 2018.

34.     Mr. Macancela was not paid for a spread of hours on days when he worked more than 10 hours.

### B. Defendants' Failure to Pay Plaintiff Edison Macancela the Required Wages

35.     Plaintiff Edison Macancela worked for the defendants as a waiter and server Maison Vivienne.

36.     The defendants did not give Mr. Macancela the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

37.     During Mr. Macancela's first two weeks of employment, the manager of the restaurant retained all tips left by customers.

38.     The defendants regularly withheld Mr. Macancela's credit card tips for weeks.

39.     The defendants paid Mr. Macancela less than the required federal minimum wage.

40.     The defendants paid Mr. Macancela less than the required State minimum wage.

41.     The defendants did not pay Mr. Macancela on the scheduled pay dates.

42.     The defendants gave Mr. Macancela paychecks that were returned unpaid due to insufficient funds.

43.     Mr. Macancela was not paid one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending on December 7, 2018 and December 21, 2018.

44.     Mr. Macancela often worked more than 10 hours in a single day, including on December 4, 2018, December 6, 2018, December 8, 2018, December 12, 2018, December 17, 2018, December 19, 2018, and December 22, 2018.

45.     Mr. Macancela was not paid for a spread of hours on days when he worked more than 10 hours.

**C. <u>Defendants' Failure to Pay Plaintiff Filiberto Villalba the Required Wages</u>**

46.     Plaintiff Filiberto Villalba worked for the defendants as a busser at Maison Vivienne.

47.     The defendants did not give Mr. Villalba the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

48.     During Mr. Villalba's first two weeks of employment, the manager of the restaurant retained all tips left by customers.

49.     The defendants regularly withheld Mr. Villalba's credit card tips for weeks.

50.     Mr. Villaba was not paid any compensation for his second week of employment.

51.     The defendants paid Mr. Villalba less than the required federal minimum wage.

52.     The defendants paid Mr. Villalba less than the required State minimum wage.

53.     The defendants did not pay Mr. Villalba on the scheduled pay dates.

54.     The defendants gave Mr. Villalba checks that were returned unpaid due to insufficient funds.

55.     Mr. Villalba was not paid one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending in the last week of December 2018 and the first week of January 2019.

56.     Mr. Villalba often worked more than 10 hours in a single day.

57.     Mr. Villalba was not paid for a spread of hours on days when he worked more than 10 hours.

**D.   <u>Defendants' Failure to Pay Plaintiff Jose A. Abrego the Required Wages</u>**

58.     Plaintiff Jose A. Abrego worked for the defendants as a salad preparer at Maison Vivienne.

59.     The defendants did not give Mr. Abrego the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

60.     The defendants paid Mr. Abrego $650 per week regardless of the number of hours he worked.

61.     Mr. Abrego regularly worked more than 45 hours per workweek.

62.     The defendants paid Mr. Abrego less than the required federal minimum wage.

63.     The defendants paid Mr. Abrego less than the required State minimum wage.

64.     The defendants did not pay Mr. Abrego on the scheduled pay dates.

65.     The defendants gave Mr. Abrego paychecks that were returned unpaid due to insufficient funds.

66.     Mr. Abrego worked from 3:00 p.m. to 11:00 p.m. five days per week, and from 11:00 a.m. to 11:00 p.m. one day per week, for a total of 52 hours per week.

67.     Mr. Abrego was not paid one and one-half times his regular wage rate for the 12 hours that he worked in excess of 40 hours each workweek, including each workweek between November 15, 2018 and February 9, 2019.

68.     Mr. Abrego was not paid for a spread of hours on the days when he worked more than 10 hours.

**E.  Defendants' Failure to Pay Plaintiff Luis Romel Curchi the Required Wages**

69.     Plaintiff Luis Romel Curchi worked for the defendants as a line cook at Maison Vivienne.

70.     The defendants did not give Mr. Curchi the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

71.     The defendants paid Mr. Curchi less than the required federal minimum wage.

72.     The defendants paid Mr. Curchi less than the required State minimum wage.

73.     The defendants did not pay Mr. Curchi on the scheduled pay dates.

74.     The defendants gave Mr. Curchi paychecks that were returned unpaid due to insufficient funds.

75.     Mr. Curchi worked from 3:00 p.m. to 11:00 p.m. five days per week, and from 11:00 a.m. to 11:00 p.m. one day per week, for a total of 52 hours per week.

76.     Mr. Curchi was not paid one and one-half times his regular wage rate for the 12 hours that he worked in excess of 40 hours each workweek, including each workweek between November 15, 2018 and February 12, 2019.

77.     Mr. Curchi was not paid for a spread of hours on days when he worked more than 10 hours.

**F.**   **Defendants' Failure to Pay Plaintiff Milton Quizhpilema the Required Wages**

78.   Plaintiff Milton Quizhpilema worked for the defendants as a line cook at Maison Vivienne.

79.   The defendants did not give Mr. Quizhpilema the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

80.   The defendants paid Mr. Quizhpilema less than the required federal minimum wage.

81.   The defendants paid Mr. Quizhpilema less than the required State minimum wage.

82.   The defendants did not pay Mr. Quizhpilema on the scheduled pay dates.

83.   The defendants gave Mr. Quizhpilema paychecks that were returned unpaid due to insufficient funds.

84.   Mr. Quizhpilema worked from 3:00 p.m. to 11:00 p.m. five days per week, and from 11:00 a.m. to 11:00 p.m. one day per week, for a total of 52 hours per week.

85.   Mr. Quizhpilema was not paid one and one-half times his regular wage rate for the 12 hours that he worked in excess of 40 hours each workweek, including each workweek between November 15, 2018 and February 12, 2019.

86.   Mr. Quizhpilema was not paid for a spread of hours on days when he worked more than 10 hours.

**G.**   **Defendants' Failure to Pay Plaintiff Alexanda Costa the Required Wages**

87.   Plaintiff Alexanda Costa worked for the defendants as a dishwasher at Maison Vivienne.

88.     The defendants did not give Mr. Costa the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

89.     The defendants paid Mr. Costa $550 per week regardless of the number of hours he worked.

90.     Mr. Costa regularly worked 54 or more hours per workweek.

91.     The defendants paid Mr. Costa less than the required federal minimum wage.

92.     The defendants paid Mr. Costa less than the required State minimum wage.

93.     The defendants did not pay Mr. Costa on the scheduled pay dates.

94.     The defendants gave Mr. Costa paychecks that were returned unpaid due to insufficient funds.

95.     Mr. Costa worked from 9:00 a.m. to 5:00 p.m. five days per week, and from 9:00 a.m. to 11:00 p.m. one day per week, for a total of 54 hours per week.

96.     Mr. Costa was not paid one and one-half times his regular wage rate for the 12 hours that he worked in excess of 40 hours each workweek, including each workweek between November 15, 2018 and February 9, 2019.

97.     Mr. Costa was not paid for a spread of hours on the days when he worked more than 10 hours.

**H. Defendants' Failure to Pay Plaintiff Johnny Pastuizaca the Required Wages**

98.     Plaintiff Johnny Pastuizaca worked for the defendants as a sous chef at Maison Vivienne.

99.     The defendants did not give Mr. Pastuizaca the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

100.     The defendants did not pay Mr. Pastuizaca on the scheduled pay dates.

11

101.    The defendants paid Mr. Pastuizaca $1500 per week regardless of the number of hours he worked.

102.    Mr. Pastuizaca regularly worked 54 or more hours per workweek.

103.    Mr. Pastuizaca's effective wage rate was $27.78 per hour.

104.    The defendants did not pay Mr. Pastuizaca on the scheduled pay dates.

105.    Mr. Pastuizaca usually worked from 2:00 p.m. to 11:00 p.m. six days per week, for a total of 54 hours per week.

106.    During some weeks he worked one double shift from 9:00 a.m. to 11:00 p.m., resulting in a 59 hour workweek.

107.    Mr. Pastuizaca was not paid one and one-half times his regular wage rate for the hours that he worked in excess of 40 hours each workweek, including each workweek between November 15, 2018 and February 9, 2019.

108.    The defendants gave Mr. Pastuizaca paychecks that were returned unpaid due to insufficient funds.  Mr. Pastuizaca was not paid any wages for those workweeks.

109.    The defendants failed to pay Mr. Pastuizaca the required federal or state minimum wage for the weeks when his paychecks were returned unpaid.

**I.   Defendants' Failure to Pay Plaintiff Victor Pastuizaca the Required Wages**

110.    Plaintiff Victor Pastuizaca worked for the defendants as a chef at the Maison Vivienne restaurant.

111.    The defendants did not give Mr. Pastuizaca the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

112.    The defendants did not pay Mr. Pastuizaca on the scheduled pay dates.

113.    The defendants gave Mr. Pastuizaca paychecks that were returned unpaid due to insufficient funds.  Mr. Pastuizaca was not paid any wages for those workweeks.

114.    The defendants failed to pay Mr. Pastuizaca the required federal or state minimum wage for the weeks when his paychecks were returned unpaid.

115.    Mr. Pastuizaca is owed $6,800.00 in unpaid wages for his work at Maison Vivienne.

**J.  Defendants Intentionally Violated the Law**

116.    The defendants acted intentionally to deprive plaintiffs of their rightful wages when they engaged in the conduct described below.

117.    Defendant Basaran has more than 20 years of experience in the restaurant business.

118.    The defendants were aware of their legal obligations under the Fair Labor Standards Act and the New York Labor Law.

119.    In December 2018, several plaintiffs complained to defendant Basaran that they were not being paid the required minimum and overtime wages.  Basaran rejected their complaints.

120.    In December 2018, plaintiff Bryan Macancela showed defendant Basaran a printout from a government web site showing the required minimum and overtime wage rates. Basaran again rejected the workers' complaints.

121.    In December 2018, plaintiff Edison Macancela showed defendant Basaran "shift report" printouts from the defendants' time record system.  The shift report printouts showed that plaintiffs had worked more than 40 hours in a week and more than 10 hours in a single day.

122.     Shortly after plaintiffs complained that they were not being paid the required wages, defendants deleted their shift reports from the time record system.

123.     Despite having actual notice of their legal obligations under the FLSA and New York Labor Law, the defendants intentionally violated the law by failing to provide the required notices and failing to pay plaintiffs the minimum wage, overtime, and spread of hours compensation they were entitled to be paid under the FLSA and New York Labor Law.

124.     This is not the first time the defendants have run afoul of the law.  Upon information and belief, defendant Basaran uses the name Allan instead of his given name Hakan because he was arrested in Connecticut for passing $80,000.00 in bad checks under the name Hakan Basaran.

**FIRST CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR VIOLATIONS**
**OF THE FAIR LABOR STANDARDS ACT (FLSA)**

125.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 124 above as if fully restated herein.

126.     The defendants have regulated the employment of plaintiffs and all other persons employed by them, acted directly and indirectly in their own interest in relation to the employees, and are thus employers of their employees within the meaning of section 3(d) of the Fair Labor Standards Act ("FLSA").

127.     The individual defendants at all relevant times were in active control and management of the corporate defendants, regulated the employment of plaintiffs and all other persons employed by the corporate defendants, acted directly and indirectly in the interests of himself and the corporate defendants in relation to the employees, and thus are employers of the defendants' employees within the meaning of section 3(d) of the FLSA.

14

128.    The business activities of the defendants, as described in this complaint, were related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

129.    Defendants have employed employees at their places of business in activities of an enterprise engaged in commerce.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore plaintiffs were at all relevant times employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the FLSA.

130.    Defendants willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiffs in an enterprise engaged in commerce without paying them the proper minimum wage for all hours worked.

131.    Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiffs in an enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the FLSA, and without compensating them for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

132.    Defendants are liable for unpaid minimum wage and overtime compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid minimum wage and overtime compensation together with prejudgment interest on said unpaid minimum wage and overtime compensation.

**SECOND CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR VIOLATIONS**
**OF THE FLSA PROMPT PAYMENT REQUIREMENT**

133.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 132 above as if fully restated herein.

134.    Defendants failed to pay regular and overtime compensation earned in a particular workweek on the regular pay days for the periods in which such workweeks ended.

135.    Defendants delayed payment of regular and overtime compensation beyond the time reasonably necessary to compute and arrange for payment of the amount of regular and overtime compensation due.

136.    Defendants violated the FLSA's prompt payment requirement in 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.106.

137.    Defendants are liable for damages in an amount to be determined at trial, including liquidated damages.

**THIRD CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR VIOLATIONS**
**OF THE NEW YORK LABOR LAW**

138.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 137 above as if fully restated herein

139.    Defendants' failure to pay plaintiffs the proper minimum wage for all hours worked violated New York Labor Law §§ 650, *et seq.*, and is actionable under New York Labor Law § 663(1).

140.    Defendants' failure to pay plaintiffs the proper overtime pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

16

141.    Defendants' failure to pay plaintiffs the proper spread of hours pay violated New

York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

142.    Defendants' failure to pay plaintiffs the proper minimum wage, overtime

compensation, and spread of hours pay was intentional.

143.    Defendants are liable for unpaid minimum wages, overtime wages, and spread of

hours compensation together with an equal amount in liquidated damages or, in the event

liquidated damages are not awarded, unpaid minimum wage and overtime compensation together

with prejudgment interest on said unpaid minimum wage and overtime compensation.

## FOURTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE NEW YORK LABOR LAW
## AND WAGE THEFT PREVENTION ACT

144.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through

143 above as if fully restated herein.

145.    Defendants did not provide plaintiffs, in writing in English and in the language

identified by each employee as the primary language of such employee, at the time of hiring, a

notice containing:  the regular and overtime rate or rates of pay and basis thereof; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer.

146.    Defendants did not obtain from plaintiffs signed and dated written

acknowledgements, in English and in the primary language of the employee, of receipt of the

notice required by Section 195(1) of the New York Labor Law and affirmation by the employee

that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee was in the language so identified.

147.    Defendants did not furnish to plaintiffs a statement with every payment of wages, listing:  the dates of work covered by that payment of wages; the name of the employee; the name of employer; the address and phone number of the employer; the regular and overtime rate or rates of pay and basis thereof; the gross wages; the number of regular hours worked; the number of overtime hours worked; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

148.    Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiffs with the notices required by Section 195(1) of the New York Labor Law.

149.    Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiffs with the wage statements required by Section 195(3) of the New York Labor Law.

150.    Plaintiffs are each entitled to recover from the defendants statutory damages of $50.00 per day for each day that defendants violated the notice requirements of Section 195(1) of the New York Labor Law, up to a maximum of $5,000.00 for each plaintiff.

151.    Plaintiffs are each entitled to recover from the defendants statutory damages of $250.00 per day for each day that defendants violated the wage statements requirements of Section 195(3) of the New York Labor Law, up to a maximum of $5,000.00 for each plaintiff.

### FIFTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR VIOLATIONS
### OF THE NEW YORK LABOR LAW

152.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 151 above as if fully restated herein.

153.    Defendants did not pay plaintiffs on a regular weekly basis in violation of Section 191 of the New York Labor Law.

154.    Defendants did not pay plaintiffs on a regular pay day in violation of Section 191 of the New York Labor Law.

155.    Defendants are liable to plaintiffs in amounts to be determined at trial, including liquidated damages.

**SIXTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR CONVERSION**

156.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 155 above as if fully restated herein.

157.    Plaintiffs had possessory rights or interests in their paychecks, wages and tips.

158.    Defendants exercised dominion over or interference with plaintiffs' rights and interests without the consent of plaintiffs.

159.    Defendants' are liable to plaintiffs for compensatory and punitive damages in amounts to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR**
**A CONSTRUCTIVE TRUST**

160.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 159 above as if fully restated herein.

161.    Defendants assumed a fiduciary relationship with plaintiffs when defendants took possession of the paychecks, wages and tips of plaintiffs.

162.    Defendants promised to hold those paychecks, wages and tips for the benefit of plaintiffs.

163.    The paychecks, wages and tips of plaintiffs were transferred to the defendants in reliance on the promise that they were being held for the benefit of plaintiffs.

164.    Defendants wrongfully retained the paychecks, wages and tips of plaintiffs.

165.    Upon information and belief, defendants used the paychecks, wages and tips of plaintiffs to purchase goods for themselves and the restaurants.

166.    Defendants have been unjustly enriched by reason of their retention and use of the paychecks, wages and tips of plaintiffs.

167.    Plaintiffs are entitled to a constructive trust on all paychecks, wages and tips retained by defendants and any goods purchased by defendants with those paychecks, wages and tips.

### EIGHTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS FOR
### UNLAWFUL RETALIATION IN VIOLATION OF
### THE NEW YORK LABOR LAW

168.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 167 above as if fully restated herein.

169.    Each of the named plaintiffs complained to the defendants that they were not being paid the wages required by state law.

170.    Defendants constructively discharged each of the named plaintiffs.

171.    Upon information and belief, defendants constructively discharged the named plaintiffs because they complained about defendants' failure to pay the wages required by state law.

172.    Defendants violated Section 215 of the New York Labor Law by retaliating against the named plaintiffs.

173.    Plaintiffs suffered damages proximately caused by the defendants' conduct.

## Jury Demand

174.    Plaintiffs are entitled to and demand a jury trial.

## Prayer for Relief

WHEREFORE plaintiffs BRYAN MACANCELA, EDISON MACANCELA,

FILIBERTO VILLALBA, JOSE A. ABREGO, LUIS ROMEL CURCHI, MILTON

QUIZHPILEMA, ALEXANDER COSTA, JOHNNY PASTUIZACA, and VICTOR

PASTUIZACA request judgment against each defendant, jointly and severally, awarding them

actual damages in amounts to be determined at trial, liquidated damages as authorized by 29

U.S.C. § 216(b) and New York Labor Law § 198, statutory damages and penalties as authorized

by New York Labor Law § 195, pre- and post-judgment interest, punitive damages, imposition

of a constructive trust on all paychecks, wages and tips retained by defendants and any goods

purchased by defendants with those paychecks, wages and tips, reasonable attorneys' fees and

the costs of this action as authorized by 29 U.S.C. § 216(b) and New York Labor Law § 198, and

such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 22, 2019

THE HOWLEY LAW FIRM P.C.

By: _____
        John Howley [JH9764]
    Attorneys for Plaintiffs
    350 Fifth Avenue, 59th Floor
    New York, New York 10118
    (212) 601-2728