THE HOWLEY LAW FIRM P.C.
350 FIFTH AVENUE, 59TH FLOOR
NEW YORK, NEW YORK  10118
(212) 601-2728
FAX:  (347) 603-1328

WWW.HOWLEYLAWFIRM.COM

June 1, 2019

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *Macancela, et al. v. Alta Operations LLC, et al.*, 1:19 Civ. 1003 (RA)

Dear Judge Abrams:

    I write on behalf of plaintiffs in the above-captioned action to request a conference and to move for the Court's approval of the accompanying Settlement Agreement and Release resolving all claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  The defendants do not oppose approval of the settlement.

## I. Procedural History and Factual Background

    On February 1, 2019, plaintiffs Bryan Macancela and Edison Macancela filed the complaint in this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  [ECF Doc. No. 1].  On March 1, 2019, plaintiffs filed an amended complaint adding claims on behalf of seven additional plaintiffs and removing the collective action and class action allegations.  [ECF Doc. No. 12].  Three of the four defendants were served with the summons and amended complaint by March 1, 2019.  [ECF Doc. Nos. 13-16].  On March 7, 2019, plaintiffs filed waivers of service signed by Robert Milman, Esq., an attorney for all defendants.  [ECF Doc. No. 17].

    Plaintiffs worked as waiters, servers, bussers, cooks, and a dishwasher at the defendants' restaurant in Manhattan.  They allege that the defendants failed to pay them for all hours worked, failed to pay the appropriate overtime wage rate, and failed to give them notices required under the New York Labor Law.  Defendants dispute each of these claims and the factual allegations on which they are based.

    Since the filing of the complaint and amended complaint the restaurant has closed.  None of the defendants has appeared in this action or responded to the complaint or amended complaint.  On April 16, 2019, the Clerk of Court entered a certificate of default against all defendants.  Shortly thereafter, Mr. Milman and I engaged in settlement negotiations, which resulted in the attached Settlement Agreement resolving all claims.

## II. Terms and Conditions of the Settlement Agreement and Release

As set forth in the accompanying Settlement Agreement and Release ("the Agreement"), the defendants will pay plaintiffs $40,000.00 (the "Settlement Payment") in exchange for a release of all claims alleged in the amended complaint. The Settlement Payment will be allocated as follows: $3,658.45 to plaintiff Bryan Macancela; $3,300.00 to plaintiff Edison Macancela; $3,000.00 to plaintiff Filiberto Villalba; $2,500.00 to plaintiff Jose A. Abrego; $3,100.00 to plaintiff Luis Romel Curchi; $3,000.00 to plaintiff Milton Quizhpilema; $600.00 to plaintiff Alexander Costa; $4,500.00 to plaintiff Johnny Pastuizaca; $6,600.00 to plaintiff Victor Pastuizaca; and $9,831.55 to plaintiffs' attorney for attorney's fees, costs and disbursements.

Each plaintiff worked at the restaurant for 12 weeks or less. Each plaintiff will receive payment in full for all unpaid hours and overtime compensation they claim in the amended complaint.

The Agreement provides that plaintiffs' attorney will deliver to Mr. Milman an executed stipulation of dismissal with prejudice upon receipt of the settlement payment by plaintiffs' attorney. Any enforcement action after that time will be in New York State Supreme Court, New York County.

Plaintiffs' attorney has explained the terms and conditions of the Agreement to each of the plaintiffs individually and as a group. The parties fully understand the terms and conditions of the Agreement, including the allocations of the total settlement amount to each plaintiff, the release of claims, and the amount of attorney's fees and costs.

Each of the plaintiffs executed an engagement letter stating that plaintiffs' attorney is entitled to a fee equal to one-third of the amount recovered after reimbursement of out-of-pocket costs and disbursements advanced by counsel. The costs and disbursements advanced by counsel amount to $1,123.41 for filing fees, service of process, photocopying, and postage. A one-third attorney's fee after deducting costs and disbursements would be $12,958.86. The $8,708.14 allocated for attorney's fees amounts to less than 22% of the settlement payment.

The amount allocated to attorney's fees is reasonable based on the experience of plaintiffs' attorney and the amount of time he worked on this lawsuit. Plaintiffs' attorney has represented clients in labor and employment litigation for almost 30 years, including for 17 years at Kaye Scholer LLP. He has been appointed as class counsel in FLSA, employment discrimination, and Trafficking Victims Protection Act class actions, and he has represented the New York City Patrolmen's Benevolent Association, Inc. as one of its primary outside labor and employment litigation lawyers for almost 20 years.

In this action, plaintiffs' attorney had numerous meetings and phone calls with each of the nine plaintiffs individually, additional meetings with the plaintiffs as a group, reviewed and analyzed their records and communications with the defendants, calculated each plaintiff's potential damages, researched the ownership and control of the corporate defendants, drafted the complaint and amended complaint, prepared and filed the request for a certificate of default,

prepared a motion for a default judgment including declarations for each of the nine plaintiffs, engaged in settlement negotiations with defendants' attorney, and drafted the settlement agreement and this letter motion.

### III.  The Settlement Agreement and Release is Fair and Reasonable

"In determining whether to approve a proposed FLSA settlement, relevant factors include '(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 LAK, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014).

In this case, there are bona fide disputes over the number of hours each plaintiff worked. The restaurant at issue had just opened when plaintiffs started working there. As a result, the operating hours and time record procedures were not as regular as one would expect at a more established business. Both sides rely on evidence of hours worked that would be subject to challenge at trial. Both sides face the risk that the other side's records would be credited by the jury. Given the start-up nature of the restaurant, it is also uncertain whether plaintiffs will be able to prove that any wage and hour violations were intentional. Now that the restaurant is closed, the ability to collect a judgment is uncertain. The settlement allows the parties to avoid these risks and uncertainties, as well as the burdens and expenses of continued litigation.

Notwithstanding these risks and uncertainties, defendants have agreed to pay each plaintiff the full amount of their claimed unpaid wages and overtime, together with reasonable attorney's fees and costs. In return, plaintiffs have agreed not to insist on payment of liquidated damages for intentional violations of the FLSA or penalties under the New York Labor Law for inadequate wage notices. We submit that this " proposed FLSA settlement reflects a reasonable compromise over contested issues" and should be approved. *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (internal citations omitted).

### Conclusion

For the reasons set forth above, plaintiffs respectfully request that Your Honor enter an Order approving the parties' settlement agreement. A proposed Order is enclosed for the Court's consideration.

    Respectfully submitted,

    */s John J.P. Howley*

    John J.P. Howley