UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
BRYAN MACANCELA, EDISON MACANCELA,
FILIBERTO VILLALBA, JOSE A. ABREGO,                     :          1:19 Civ. 1003 (RA)
LUIS ROMEL CURCHI, MILTON QUIZHPILEMA,
ALEXANDA COSTA, JOHNNY PASTUIZACA, and     :
VICTOR PASTUIZACA,

                                                                        :

                                         Plaintiffs,

                                                                        :

                             -vs-

                                                                        :

ALTA OPERATIONS LLC d/b/a Maison Vivienne,
ALTA OPERATIONS EAST LLC d/b/a Maison Vivienne,  :
ALLAN BASARAN a.k.a. HAKAN BASARAN, and
SVITLANA FLOM,                                                 :

                                         Defendants.           :
--------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Plaintiffs BRYAN MACANCELA, EDISON MACANCELA,

FILIBERTO VILLALBA, JOSE A. ABREGO, LUIS ROMEL CURCHI, MILTON

QUIZHPILEMA, ALEXANDER COSTA, JOHNNY PASTUIZACA, and VICTOR

PASTUIZACA (referred to herein as "Plaintiffs") and Defendants ALTA OPERATIONS LLC

d/b/a Maison Vivienne, ALTA OPERATIONS EAST LLC d/b/a Maison Vivienne, and

SVITLANA FLOM (referred to herein as "Defendants"), desire to resolve, settle and agree to

dismiss with prejudice all claims alleged by Plaintiffs against Defendants in the Amended

Complaint in the above-captioned action (the "Lawsuit") upon receipt of the settlement payment

described below;

WHEREAS Plaintiffs and Defendants have chosen to enter into this Agreement to avoid

further proceedings with respect to any and all claims Plaintiffs have made against Defendants in

this Lawsuit;

1

WHEREAS, Plaintiffs and Defendants understand and agree that neither the making of this Settlement Agreement and Release (hereinafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever, and the parties understand and agree that Plaintiffs' assent to this Agreement shall not be construed in any way to be an admission by Plaintiffs; and

WHEREAS, the parties engaged in arms-length negotiations of this agreement through their respective attorneys during which Plaintiffs and Defendants agreed to settle all claims alleged by Plaintiffs against Defendants in this Lawsuit on the terms and conditions set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Definition of Parties**

a.      "Plaintiffs" shall be defined as BRYAN MACANCELA, EDISON MACANCELA, FILIBERTO VILLALBA, JOSE A. ABREGO, LUIS ROMEL CURCHI, MILTON QUIZHPILEMA, ALEXANDER COSTA, JOHNNY PASTUIZACA, and VICTOR PASTUIZACA.

b.      "Defendants" shall be defined as ALTA OPERATIONS LLC d/b/a Maison Vivienne, ALTA OPERATIONS EAST LLC d/b/a Maison Vivienne, and SVITLANA FLOM.

2. **Plaintiffs' Commitments**

In exchange for the promises set forth in paragraphs "3" and "4" below, Plaintiffs agree as follows:

a.      Upon receipt of the consideration described in paragraph "4(a)" below, Plaintiffs shall execute and deliver to Defendants' attorney the <u>Stipulation and Order of Dismissal with Prejudice</u> annexed hereto (hereinafter the "<u>Stipulation</u>").

b.      Plaintiffs and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the withdrawal and dismissal of the Lawsuit.

3.      **Release of Claims**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, or claims for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and/or the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq.* arising out of, by reason of, or relating in any way whatsoever to any act or omission from the beginning of the world through the date this Agreement is executed.

This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.  Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and New York Labor Law.

3

4.    <u>**Consideration**</u>

a.    In exchange for the promises made herein by Plaintiffs and Defendants, including the release of claims that Plaintiffs and Defendants have or may have against the other, set forth above, Defendants agree to pay the gross total sum of Forty Thousand dollars ($40,000.00) (the "Payment"), by delivering to Plaintiffs' attorney a cashier's check or certified check in that amount payable to John Howley, Esq. as attorney for Plaintiffs on or before June 3, 2019.

b.    The check for the Payment shall be deposited by John Howley, Esq. into his attorney escrow account upon receipt, and the monies shall be disbursed as follows:

- Three Thousand Six Hundred Fifty-Eight Dollars and Forty-Five Cents ($3,658.45) payable to the order of "Bryan Macancela";

- Three Thousand Three Hundred Dollars ($3,300.00) payable to the order of "Edison Macancela";

- Three Thousand Dollars ($3,000.00) payable to the order of "Filiberto Villalba";

- Two Thousand Five Hundred Dollars ($2,500.00) payable to the order of "Jose A. Abrego";

- Three Thousand One Hundred Dollars ($3,100.00) payable to the order of "Luis Romel Curchi";

- Three Thousand Dollars ($3,000.00) payable to the order of "Milton Quizhpilema";

- Six Hundred Dollars ($600.00) payable to the order of "Alexander Costa";

- Four Thousand Five Hundred Dollars ($4,500.00) payable to the order of "Johnny Pastuizaca";

- Six Thousand Six Hundred Dollars ($6,600.00) payable to the order of "Victor Pastuizaca";

- and Nine Thousand Eight Hundred Thirty-One Dollars and Fifty-Five Cents ($9,831.55), payable to the order of "John Howley, Esq." for attorneys' fees, costs, and disbursements.

b.      The Payment represents a complete settlement, release and waiver of all claims for alleged lost or unpaid wages, tips, benefits, compensation, mental, physical or other personal injuries, pain and suffering, attorneys' fees, costs and disbursements.

c.      Plaintiffs are responsible for payment of their share of all taxes and other withholdings due as a result of the receipt of these monies.  Plaintiffs understand and agree no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.

d.      Plaintiffs agree to indemnify Defendants and to hold Defendants harmless for Plaintiffs' share of taxes, penalties and interest, withholdings or otherwise, as a consequence of the monies paid to Plaintiffs pursuant to this Agreement.  It is expressly agreed that if Defendants are required to make or provide any payment beyond their share of taxes, interest, penalties or other monies to any taxing authority, Plaintiffs shall reimburse Defendants for such payments within ten (10) days after counsel's receipt of notice that Defendants have incurred such liability.

e.      Time is of the essence.  Failure to deliver any payment required by this Agreement on or before the date specified shall constitute a material breach of the Agreement.

**5.      No Other Entitlement**

a.      Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Defendants in any forum other than this action.

5

b.      Plaintiffs further affirm that they have been paid and have received all compensation, wages, bonuses, commissions, benefits and other monies to which they are entitled and that no other compensation, wages, bonuses, commissions, benefits or other monies are due, except as set forth in paragraph "4" of this Agreement.

**6.      No Admission of Wrongdoing**

Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.  Similarly, this Agreement shall not be considered an admission by Plaintiffs that their claims lack merit.

**7.      Severability and Modification**

If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Plaintiffs and Defendants agree that the court, administrative agency or other entity has full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.  If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

**8.      Resolution of Disputes**

Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue, shall be resolved in a proceeding held in and before the Supreme Court of the State of New York, in and for the County of New York, by a Justice sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

**9.      Section Headings**

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10.    **Entire Agreement**

a.      This Agreement represents the complete understanding among Plaintiffs and Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions.

b.      This Agreement can be modified only by a written document, signed by Plaintiffs and Defendants, or their successors, in a document that recites the specific intent to modify this Agreement.

c.      Plaintiffs and Defendants acknowledge that they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11.    **Competence to Waive Claims**

Plaintiffs and Defendants are competent to effect a knowing and voluntary release of claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that he lacks a clear and complete understanding of this Agreement.  Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiffs.

12.    **Counterparts**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or pdf copy shall, for all purposes, be deemed an original and in full force and effect.

13.     **Execution**

a.      The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants, with the assistance their respective attorneys. The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by Plaintiffs' counsel, John Howley, Esq.  Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all claims that Plaintiffs have alleged against Defendants, and each Plaintiff is fully satisfied with the advice and counsel provided by John Howley, Esq.

b.      Plaintiffs have been advised in writing that they have twenty-one (21) days to consider this Agreement and to consult with an attorney prior to execution of this Agreement.

c.      The parties agree that no negotiation with respect hereto or change made as a consequence of those discussions, whether immaterial or material, extends or renews this twenty-one (21) day period unless the attorneys for all parties otherwise agree to do so in writing.

14.     **Revocation**.

Plaintiffs may revoke this Agreement during the period of seven (7) calendar days following the date that they execute this Agreement.  Any revocation within this period must be submitted, in writing, to Robert Milman, Esq., counsel for Defendants, and state, "I hereby revoke my acceptance of our Agreement and General Release."  The revocation must be personally delivered to Mr. Milman or his designee, or mailed to Mr. Milman, and postmarked within seven (7) calendar days of execution of this Agreement.  This Agreement shall not become effective or enforceable until the revocation period has expired.  If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the State of New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

In the event a plaintiff invokes his right to revocation, the entire settlement amount will be reduced by the amount allocated to that plaintiff in paragraph 4(b) of this Agreement.

PLAINTIFFS HAVE BEEN ADVISED IN WRITING THAT THEY HAVE A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THEY HAVE DONE SO AND ARE SATISFIED WITH THE ADVICE AND REPRESENTATION OF THEIR ATTORNEY, JOHN HOWLEY, ESQ.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, JOHN HOWLEY, ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE ALLEGED AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: May 17, 2019

By: _____
BRYAN MACANCELA

Dated: _____, 2019

By: _____
EDISON MACANCELA

Dated: _____, 2019

By: _____
FILIBERTO VILLALBA

9

In the event a plaintiff invokes his right to revocation, the entire settlement amount will be reduced by the amount allocated to that plaintiff in paragraph 4(b) of this Agreement.

PLAINTIFFS HAVE BEEN ADVISED IN WRITING THAT THEY HAVE A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THEY HAVE DONE SO AND ARE SATISFIED WITH THE ADVICE AND REPRESENTATION OF THEIR ATTORNEY, JOHN HOWLEY, ESQ.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, JOHN HOWLEY, ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE ALLEGED AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2019

By: _____
BRYAN MACANCELA

Dated: May 17, 2019

By: _____
EDISON MACANCELA

Dated: _____, 2019

By: _____
FILIBERTO VILLALBA

9

In the event a plaintiff invokes his right to revocation, the entire settlement amount will be reduced by the amount allocated to that plaintiff in paragraph 4(b) of this Agreement.

**PLAINTIFFS HAVE BEEN ADVISED IN WRITING THAT THEY HAVE A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THEY HAVE DONE SO AND ARE SATISFIED WITH THE ADVICE AND REPRESENTATION OF THEIR ATTORNEY, JOHN HOWLEY, ESQ.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEY, JOHN HOWLEY, ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE ALLEGED AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2019                By: _____
                                                          BRYAN MACANCELA


Dated: _____, 2019                By: _____
                                                          EDISON MACANCELA


Dated: 05-21-, 2019                By: _Filiberto Villalba_
                                                          FILIBERTO VILLALBA

9

Dated: _05-23-_, 2019

By: _____
JOSE A. ABREGO

Dated: _____, 2019

By: _____
LUIS ROMEL CURCHI

Dated: _____, 2019

By: _____
MILTON QUIZHPILEMA

Dated: _05 - 23 -_, 2019

By: _Alex Costa_
ALEXANDER COSTA

Dated: _____, 2019

By: _____
JOHNNY PASTUIZACA

Dated: _____, 2019

By: _____
VICTOR PASTUIZACA

Dated: _____, 2019

By: _____
SVITLANA FLOM
*individually and as the duly authorized*
*representative of* ALTA OPERATIONS
LLC and ALTA OPERATIONS EAST LLC

Case 1:19-cv-01503-mc Document 26-1 filed 04/07/19 Page 13 of 16

Dated: _____, 2019

By: _____
JOSE A. ABREGO

Dated: 05-26 2019

By: _Luis R Carchi_
LUIS ROMEL CURCHI

Dated: _____, 2019

By: _____
MILTON QUIZHPILEMA

Dated: _____, 2019

By: _____
ALEXANDER COSTA

Dated: _____, 2019

By: _____
JOHNNY PASTUIZACA

Dated: _____, 2019

By: _____
VICTOR PASTUIZACA

Dated: _____, 2019

By: _____
SVITLANA FLOM
*individually and as the duly authorized*
*representative of* ALTA OPERATIONS
LLC and ALTA OPERATIONS EAST LLC

Dated: _____, 2019

By: _____
JOSE A. ABREGO

Dated: _____, 2019

By: _____
LUIS ROMEL CURCHI

Dated: May 18, 2019

By: _____
MILTON QUIZHPILEMA

Dated: _____, 2019

By: _____
ALEXANDER COSTA

Dated: _____, 2019

By: _____
JOHNNY PASTUIZACA

Dated: _____, 2019

By: _____
VICTOR PASTUIZACA

Dated: _____, 2019

By: _____
SVITLANA FLOM
individually and as the duly authorized
representative of ALTA OPERATIONS
LLC and ALTA OPERATIONS EAST L

Dated: _____, 2019                    By: _____
                                                 JOSE A. ABREGO

Dated: _____, 2019                    By: _____
                                                 LUIS ROMEL CURCHI

Dated: _____, 2019                    By: _____
                                                 MILTON QUIZHPILEMA

Dated: _____, 2019                    By: _____
                                                 ALEXANDER COSTA

Dated: 05/19, 2019                          By: _____
                                                 JOHNNY PASTUIZACA

                                            By: _____
                                                 VICTOR PASTUIZACA

Dated: _____, 2019                    By: _____
                                                 SVITLANA FLOM
                                            *individually and as the duly authorized
                                            representative of* ALTA OPERATIONS
                                            LLC and ALTA OPERATIONS EAST LL

Dated: _____, 2019             By: _____
                                         JOSE A. ABREGO


Dated: _____, 2019             By: _____
                                         LUIS ROMEL CURCHI


Dated: _____, 2019             By: _____
                                         MILTON QUIZHPILEMA


Dated: _____, 2019             By: _____
                                         ALEXANDER COSTA


Dated: _____, 2019             By: _____
                                         JOHNNY PASTUIZACA


Dated: _05/23/_, 2019                By: Victor PasTuizaca Mejia
                                         VICTOR PASTUIZACA


Dated: _____, 2019             By: _____
                                         SVITLANA FLOM
                                         *individually and as the duly authorized*
                                         *representative of* ALTA OPERATIONS
                                         LLC and ALTA OPERATIONS EAST LLC