UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN MACANCELA, EDISON
MACANCELA, FILIBERTO VILLALBA,
JOSE ABREGO, LUIS ROMEL CURCHI,
MILTON QUIZHPILEMA, ALEXANDER
COSTA, VICTOR PASTUIZACA, and
JOHNNY PASTUIZACA,

                Plaintiffs,

v.

ALTA OPERATIONS LLC, ALTA
OPERATIONS EAST LLC, and SVITLANA
FLOM,

                Defendants.

No. 19-CV-1003 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Bryan Macancela, Edison Macancela, Filiberto Villalba, Jose Abrego, Luis Romel Curchi, Milton Quizhpilema, Alexander Costa, Victor Pastuizaca, and Johnny Pastuizaca bring this action against Defendants Alta Operations LLC, Alta Operations East LLC, Allan Basaran, and Svitlana Flom for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1] Before the Court is the parties' application for approval of a settlement agreement.[2]

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement,

---

[1] Although Plaintiffs Bryan and Edison Macancela filed a collective and class action complaint on behalf of herself and others similarly situated, the parties subsequently amended the complaint to remove the collection and class action allegations and added claims on behalf of seven additional plaintiffs. The settlement has been reached only as to these individual plaintiffs.

[2] Defendant Basaran is not a party to the settlement agreement.

Defendants agree to pay Plaintiffs a total of $40,000 in exchange for the relinquishment of their wage and hour claims. After attorney's fees and costs are subtracted, the remaining sum will be distributed as follows to each plaintiff: $3,658.45 to Plaintiff Bryan Macancela; $3,300.00 to Plaintiff Edison Macancela; $3,000.00 to Plaintiff Filiberto Villalba; $2,500.00 to Plaintiff Jose A. Abrego; $3,100.00 to Plaintiff Luis Romel Curchi; $3,000.00 to Plaintiff Milton Quizhpilema; $600.00 to Plaintiff Alexander Costa; $4,500.00 to Plaintiff Johnny Pastuizaca; and $6,600.00 to Plaintiff Victor Pastuizaca. These sums reflect payment in full for all unpaid hours and overtime compensation Plaintiffs claim in the Amended Complaint. The total amount is therefore reasonable.

The Court also approves the attorney's fees and costs set forth in the fairness letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the fee is approximately one-third of the award, and when using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). According to the letter, Plaintiffs' attorney will receive $9,741.55.[3] After costs are subtracted, the attorney's fee award is approximately one-third of the net settlement amount. Plaintiffs' attorney has also submitted contemporaneous billing records, which reflect diligent expenditures of time and effort on this case. The amount of the fee is therefore reasonable as a fair percentage of the net award.

---

[3] The Court notes that the proposed settlement agreement mistakenly provides that Plaintiffs' counsel will receive $9,831.55, which is $90 more than the amount provided above. Plaintiffs' counsel has represented to the Court that this amount is erroneous, and should be reduced to $9,741.55. Rather than requiring the parties to submit a revised settlement agreement, the Court, in the discretion afforded to it by the modification clause of the proposed settlement agreement (¶ 7), modifies the attorney's fees in the settlement to $9,741.55.

Plaintiffs' release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision at issue here is far more limited than those routinely rejected. The release is limited to "all actions, causes of action, or claims for violations of the Fair Labor Standards Act . . . and/or the New York Labor Law," and it expressly does not affect claims that might arise after the execution of the agreement. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

The Court notes, however, the potential for language in paragraph 5.b. of the proposed settlement agreement to be construed as broadening the release provision. In paragraph 5.b., Plaintiffs affirm that they have received "all compensation, wages, bonuses, commissions, benefits and other monies to which they are entitled" and that no further entitlements are due. Thus, should Plaintiffs subsequently initiate, for example, a civil rights action for damages against Defendants, such an action would claim a monetary entitlement, in potential contrast with paragraph 5.b. of the proposed settlement agreement. Pursuant to the agreement's severability and modification clause (¶ 7), however, the Court interprets paragraph 5.b. to encompass only those entitlements arising from a claim alleged in the Amended Complaint for a violation of the FLSA or NYLL. Similarly, the Court interprets paragraph 8, which requires any controversy or claims relating to the agreement, "as well as any other claims," to be resolved in New York state court, to be limited to actions relating to the enforcement of this proposed settlement agreement.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: July 11, 2019
        New York, New York

Ronnie Abrams
United States District Judge